IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HAILO TECHNOLOGIES, LLC,** | |
| **Plaintiff,** | Case No. _____ |
| v. | |
| **ARRO, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hailo Technologies, LLC, ("Hailo" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Arro, Inc. ("Arro") makes the following allegations. These allegations are made upon information and belief.

**NATURE OF THE ACTION**

1. This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,756,913 ("the '913 Patent").

**PARTIES**

2. Plaintiff Hailo Technologies, LLC, is a California limited liability company with its principal office located at 35 Hugus Alley, Suite 210, Pasadena CA 91103.

3. Defendant Arro, Inc. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 42-32 21st Street, Long Island City, New York 11101. On information and belief, Arro, Inc. may be served via its agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701.

1

## JURISDICTION AND VENUE

4. This patent infringement action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, et seq.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under United States Patent law.

6. This Court has personal jurisdiction over the Defendant because it (either directly or through its subsidiaries, divisions, groups or distributors) has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this district; and/or specifically over the Defendant (either directly or through its subsidiaries, divisions, groups or distributors) because of its infringing conduct within or directed at the State of Texas and this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and §1391(c). Defendant is subject to this Court's personal jurisdiction because it offers to sell and does sell the Accused Products identified herein into the State of Texas and in this district. Specifically, the website www.goarro.com states that Arro is available in Houston.

## FACTS

8. Plaintiff is the owner, by assignment, of U.S. Patent No. 6,756,913 ("the '913 Patent"), entitled "System for Automatically Dispatching Taxis to Client Locations," which was duly and legally issued on June 29th, 2004 by the United States Patent and Trademark Office ("USPTO").

9. A copy of the '913 Patent is attached to this Complaint as Exhibit A.

10. The claims of the '913 Patent are valid and enforceable.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271 ('913 PATENT)

11. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Defendant makes, has made, sells, offers for sale, uses and/or imports into the United States, taxi dispatch applications, including without limitation the Arro application ("Accused Products").

13. Each of the Accused Products uses a method for sending notifications to a server, as shown at the following website: https://www.goarro.com. *See* Exhibit A and Exhibit B.

14. Each of the Accused Products periodically senses if a meter on a taxi is active to determine if the taxi is available for customer service, as shown at the following website: http://www.nydailynews.com/new-york/arro-app-lets-riders-order-cabs-remotely-new-rival-uber-article-1.2343838. *See* Exhibit A and Exhibit B.

15. Each of the Accused Products, on sensing that the vehicle is available, periodically determines the vehicle's current position coordinates using a position coordinates determination device, as shown at the following website: https://www.goarro.com. *See* Exhibit A and Exhibit B.

16. Each of the Accused Products sends the current position coordinates information to the server, as shown at the following website: https://www.goarro.com.

17. Each one of the steps performed by the Accused Product(s), itemized in paragraphs 13-16 above, is a step in Claim 1 of the '913 Patent.

18. Thus, each of the Accused Products infringes at least Claim 1 of the '913 Patent.

19. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '913 Patent, including at least Claim 3, by, among other things, actively

inducing infringement through customers' and end users' use of Accused Products to practice the patented methods of the '913 Patent.  Defendant's customers and end users of Accused Products who purchase and/or operate such products in accordance with Defendant's instructions and the capabilities built in to the Accused Products by Defendants directly infringe one or more claims of the '913 Patent, including at least Claim 3, in violation of 35 U.S.C. § 271.

20. Specifically, each of the Accused Product(s) includes a system for location in a taxi for sending notifications to a server as shown at the following website: https://www.goarro.com.  *See* Exhibit A and Exhibit B.

21. Each of the Accused Products includes a position coordinates determination device for obtaining location information as shown at the following website: https://www.goarro.com.  *See* Exhibit A and Exhibit B.

22. Each of the Accused Products includes a transmitter for sending location information obtained from the determination device as shown at the following website: https://www.goarro.com.  *See* Exhibit A and Exhibit B.

23. Each of the Accused products includes a sensor for sensing if a taxi meter is active or not, thereby indicating availability status, wherein upon sensing of the availability status of the taxi meter, the transmitter sends location information as shown at the following website: https://www.goarro.com.  *See* Exhibit A and Exhibit B.

24. Each one of the steps of the Accused Product(s), itemized in paragraphs 19-23 above, is an element in Claim 3 of the '913 Patent.

25. Thus, Defendant has actively induced its customers and end-users to directly infringe at least Claim 3 of the '913 Patent.

26. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '913 Patent.

27. As a direct and proximate result of Defendant's infringement of the '913 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. In favor of Plaintiff that Defendant has infringed one or more claims of the '913 Patent, either literally or under the doctrine of equivalents;

B. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '913 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

C. For such other and further relief as may be just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.


DATED:  January 11, 2017						Respectfully submitted,

*/s/ Todd Y. Brandt*
Todd Y. Brandt
State Bar No. 24027051
BRANDT LAW FIRM
222 N. Fredonia Street
Longview, Texas 75606
Telephone:  (903) 212-3130
Facsimile:  (903) 753-6761
tbrandt@thebrandtlawfirm.com

*Attorneys for Plaintiff Hailo Technologies, LLC*